UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Thomas Delap, | Case No. 3:25-cv-00411-ART-CSD |
|---|---|
| Petitioner, | |
| v. | ORDER |
| State of Nevada, | |
| Respondents. | |

*Pro se* Petitioner Thomas Delap commenced this habeas action by filing a Complaint (ECF No. 1-1) challenging his state court conviction and an Application to Proceed *In Forma Pauperis* (ECF No. 1). This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Delap filed a civil rights complaint form. ECF No. 1-1. However, in the complaint, he indicates that he is seeking a writ of habeas corpus. *Id.* at 1. Further, he asserts that he is seeking immediate release from incarceration. *Id.* at 4. Accordingly, it appears that Delap is seeking habeas corpus relief.

A *pro se* petitioner is required to file his petition for writ of habeas corpus

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

under 28 U.S.C. § 2254 on the court's approved form. *See* LSR 3-1. Delap has not filed his petition on the appropriate form or in substantial compliance with the form. The form is important as it provides the Court with necessary information to conduct preliminary review of the petition. Accordingly, Delap must, within 45 days of the date of this order, file an amended petition for habeas corpus relief on the Court's form.[2] In doing so, Delap is advised to follow the instructions on the form and to refrain from lengthy legal or factual argument.

**IT THEREFORE IS ORDERED:**

1. Petitioner Thomas Delap must file an amended petition on the Court's form within 45 days of this order.
2. The Court defers consideration of Petitioner's Application to Proceed *In Forma Pauperis* until he fully complies with this order.
3. Failure to timely comply with this order will result in the dismissal of the case without prejudice and without further advance notice.
4. The Clerk of Court is instructed to send Petitioner Delap two blank copies of the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with instructions.

DATED THIS 6th day of October, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] Delap at all times remains responsible for calculating the applicable statute of limitations. By ordering Delap to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.