UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Thomas Delap,

Petitioner,

v.

State of Nevada,

Respondents.

Case No. 3:25-cv-00411-ART-CSD

ORDER

*Pro se* Petitioner Thomas Delap commenced this habeas action by filing a Complaint (ECF No. 1-1) challenging his state court conviction and an Application to Proceed *In Forma Pauperis* ("IFP" (ECF No. 1)). The Court deferred consideration of his IFP application and instructed Delap to file an amended petition for writ of habeas corpus on the Court's approved form. ECF No. 3.

Delap filed a civil rights complaint form. ECF No. 1-1. However, in the complaint, he indicated that he is seeking a writ of habeas corpus, asserting that he is seeking immediate release from incarceration. *Id.* at 1, 4. Because it appeared that Delap was seeking habeas corpus relief, the Court instructed him to file his petition for writ of habeas corpus under 28 U.S.C. § 2254 on the court's approved form by November 30, 2025. *See* LSR 3-1.

The Court warned Delap that a failure to comply would result in the dismissal of this action without prejudice and without further advance notice. To date, Delap has not filed his petition on the appropriate form, requested an extension of time, or taken any other action to prosecute this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

1

on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as

satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without Petitioner's compliance with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

It is therefore ordered that Petitioner Thomas Delap's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE based his on failure to comply with the Court's Order (ECF No. 3) or the Local Rules of Practice.

It is further ordered that the IFP Application (ECF No. 1) is denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is further ordered that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will file direct informal electronic service of the Complaint (ECF No. 1-1) upon Respondents, and provide to Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that the Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED THIS 10th day of April, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE